IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MONTARIUS COX #263286, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )    Case No. 3:15-cv-00392 |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | )    JUDGE TRAUGER |
| | ) |
|     Respondents. | ) |

## MEMORANDUM

Petitioner Montarius Cox, a prisoner currently incarcerated at Riverbend Maximum Security Institution in Nashville, Tennessee, has filed a petition for the writ of *habeas corpus* under 28 U.S.C. § 2241 challenging the terms of his federal sentence. Specifically, he challenges the consecutive nature of his federal sentence with respect to a state sentence that had not yet been imposed at the time of his federal sentencing. The matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.[1]

**I. RELEVANT BACKGROUND**

The petitioner's operative federal sentence was imposed by the United States District Court for the Western District of Tennessee on April 23, 2008.[2] *United States v. Cox*, W.D. Tenn. No. 2:01-cr-20145-BBD (Docket Entry No. 191). The United States Court of Appeals for the Sixth Circuit has described the relevant history of the petitioner's case as follows:

> On January 15, 2003, a federal jury found Cox guilty on a superseding indictment charging him with kidnapping and aiding and abetting (18 U.S.C. §§ 2, 1201); one count of brandishing a firearm during and in relation to a crime of violence (18 U.S.C. § 924(c)); one count of brandishing a firearm during and in relation to a crime of violence and aiding and abetting (18 U.S.C. §§ 2, 924(c)); carjacking and aiding and abetting (18 U.S.C. §§ 2, 2119); interference with commerce by threats or violence (18 U.S.C. § 1951); interstate transportation of a stolen vehicle (18 U.S.C. § 2313); and being a convicted felon in possession of

---
[1] Rules governing § 2254 cases also apply to requests for *habeas corpus* relief brought under 28 U.S.C. § 2241. Rule 1(b), Rules Gov'g § 2254 Cases.
[2] "There is no statute of limitations for federal prisoners filing habeas petitions pursuant to 28 U.S.C. § 2241." *Wooten v. Cauley*, 677 F.3d 303, 306 (6th Cir. 2012).

a firearm (18 U.S.C. § 922(g)). On June 18, 2003, Cox was sentenced to 708 months imprisonment followed by three years of supervised release.

On September 30, 2005, this court affirmed the judgment, but remanded the case for resentencing pursuant to *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Cox*, No. 03-5858 (6th Cir. Sept. 30, 2005). On June 19, 2006, the district court resentenced Cox to 720 months imprisonment followed by five years of supervised release. Cox appealed, and during the pendency of the appeal on October 31, 2007, we remanded the case to the district court for resentencing in light of *United States v. Worley*, 453 F.3d 706 (6th Cir. 2006). *United States v. Cox*, No. 06-5874 (6th Cir. Oct. 31, 2007). On April 23, 2008, the district court resentenced Cox to 684 months imprisonment followed by three years of supervised release.

*United States v. Cox*, No. 08-5670 (6th Cir. Nov. 13, 2009) (per curiam). The Sixth Circuit went on to affirm the petitioner's sentence. *Id.* While the Sixth Circuit did not mention this fact because it was not an issue on appeal, the district court's second amended judgment in April 2008 made at least a portion of the petitioner's federal sentence consecutive to several state sentences:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **TOTAL TERM OF <u>684 Months (57 years)</u> – <u>Count 1 – 300 months</u>, County 3 – 180 months, Count 4 – 240 months, Count 6 – 120 months, Count 7 – 120 months, Counts 1, 3, 4, 6, & 7 to run concurrently to each other, Count 2 – 84 months, Count 5 – 300 months to run consecutive to sentences imposed in State Court Case Nos. 02-01157, 02-00881 and 02-00882 and to all other terms of imprisonment.**

*United States v. Cox*, W.D. Tenn. No. 2:01-cr-20145-BBD (Docket Entry No. 191) (emphasis in original).

In the state court cases referenced, the petitioner pleaded guilty to attempted first degree premeditated murder, especially aggravated kidnapping and three counts of aggravated robbery, and was given consecutive sentences totaling 140 years. *Cox v. State*, No. W200800190CCAR3PC, 2009 WL 3711978, at *1 (Tenn. Crim. App. Nov. 5, 2009).

**II. ANALYSIS**

The petitioner asserts that the consecutive nature of his federal sentence is illegal, because 18 U.S.C. § 3584(a) deprives district courts of the authority to impose a federal

sentence to run consecutively to a state sentence that is anticipated but not yet imposed. There are several fatal flaws in the petitioner's claim that require that it be dismissed.[3]

The first problem with the petitioner's argument is that it has been expressly rejected by the United States Supreme Court in *Setser v. United States*, 132 S. Ct. 1463 (2012), where the court made clear that it is "within the District Court's discretion to order that [a federal convict's] sentence run consecutively to his anticipated state sentence." *Id.* at 1473; *see also United States v. Moore*, 512 F. App'x 590, 594 (6th Cir. 2013) ("In *Setser*, the Supreme Court confirmed that federal district courts have the authority and discretion to order that a federal sentence run consecutively to an anticipated but yet-to-be-imposed state sentence.") The petitioner's reliance on *United States v. Quintero*, 157 F.3d 1038 (6th Cir.1998), which pre-dated *Setser*, is therefore misplaced. *See United States v. Profitt*, No. 3:06-CR-136-1, 2014 WL 408299, at *5 (S.D. Ohio Feb. 3, 2014) ("The *Setser* holding abrogates the Sixth Circuit's previous construction of 18 U.S.C. § 3584(a), as set forth in *United States v. Quintero*, 157 F.3d 1038 (6th Cir.1998).").

The second fatal defect in the petitioner's claim is that – even if a district court were prohibited from imposing a federal sentence consecutive to a not-yet-imposed state sentence – the petitioner's *state sentences had been imposed* by the time of his April 2008 federal sentencing. The petitioner pleaded guilty to the state charges in April 2003, and had been sentenced and was already raising a post-conviction challenge to his convictions by November 5, 2003. *Cox v. State*, 2009 WL 3711978, at *1. Accordingly, by the time of his operative federal

---

[3] The petitioner does not allege that he has exhausted his administrative remedies, which would ordinarily be required before seeking relief under § 2241. *United States v. Dowell*, 16 F. App'x 415, 420 (6th Cir. 2001). However, it is appropriate for a district court to deny a petition on the merits without regard to exhaustion "if it is perfectly clear that the applicant does not raise a colorable federal claim." *Granberry v. Greer*, 481 U.S. 129, 135 (1987); *see also Akemon v. Brunsman*, No. C-1-06-166, 2007 WL 2891012, at *7 (S.D. Ohio Sept. 28, 2007) ("[I]t has long been held that if the unexhausted claims are plainly meritless, it is in the interests of the parties and judicial economy to promptly address the merits of the petition without requiring exhaustion.")

sentencing in April 2008, the petitioner's state sentences were no longer anticipated but had actually been imposed.

Finally, the petitioner's claim is not cognizable under § 2241. Claims cognizable under § 2241 generally pertain to claims such as the computation of parole or sentencing credits. *Cohen v. United States*, 593 F.2d 766, 770–771 (6th Cir. 1979). Because the petitioner's objection is not to the calculation or execution of his sentence by the Bureau of Prisons, but to the actual terms of the sentence imposed by the district court that sentenced him, his claim would only properly be brought via a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. *See Sumter v. S. Carolina Dep't of Corr.*, No. 0:06 1907 MBS, 2006 WL 2645162, at *2 (D.S.C. Sept. 13, 2006) (collecting cases and holding that petitioner seeking to have his consecutive federal sentence converted to concurrent sentence must proceed under § 2255 rather than § 2241, and that § 2255 provides a remedy for prisoners in state custody seeking to challenge federal sentence to be served in future). Such a motion must be brought in "the court which imposed the sentence," which in this case is the Western District of Tennessee, and this court would lack jurisdiction to consider it. 28 U.S.C. § 2255(a).

### III. CONCLUSION

For the reasons set forth herein, Montarius Cox's petition under § 2241 will be **DISMISSED**. An appropriate order is filed herewith.

                                                Aleta A. Trauger
                                                United States District Judge